Department of Education, No. 18-862. Thank you. Good afternoon, Your Honor. Good morning, Ms. Bleichert. May it please the Court? Afternoon. I feel the Northern District Court, Chief Judge Sotheby, erred when dismissing my court, my case, because I have made a reasonable claim proving it. In the Eleventh Amendment, Sovereign Immunity, Employer Liability, the Supreme Court has ruled that the employer is presumed liable in cases where the harassment has been perpetrated by the victim's supervisor. In my case, when I was working in the State Aid Office, I contacted Gifford and Allison. They knew the harassment but did nothing about it. They failed to take immediate and appropriate action. The question is why, and the reason is because I feel they were encouraging it. In August, I had submitted a motion to add additional evidence in which the Solicitor General immediately filed a motion to have it denied. The daily log that had been kept by Division of Human Rights proves that the In the letter, I had stated that the Director of Human Resources, Annette Francini, had come out of her office boasting to the Labor Relations Office that she had gone to Human Rights that day to speak with them, and they agreed to close the case. She said, it's finally over, and there's nothing more to worry about. I'm glad the case is closed. On August 17th, I had submitted a FOIL request. August 17th of 2018, I had submitted a FOIL request to Division of Human Rights. I wanted an electronic copy, which they refused to give me. They told me that the case file was too big and I could only get a paper copy of it. But in the case, in the log, it showed that their summonation had not been submitted until January 8th. Now, how would I have been able to put the January 8th notice to the EEOC stating that Annette had made that comment if, in fact, I wasn't aware of it? Because they, what she did was she had gone over on that day, on January 8th, and that was the day that they were allowed to finally submit their paperwork. Because in the log, it shows that it was due as of December 22nd. And then Education notified Division of Human Rights, informing them that they were unable to get it to them, and they asked for an extension. They were given the extension until December 26th, and there was nothing in the log showing that they did submit it on time. Kagan. Do you under, you know that the, New York has a law called Election of Remedies that says that if you have gone to the State Department of Human Resources to get your grievance heard and adjudicated, that you cannot thereafter take the same complaint to the courts. Are you familiar with that? I'm not familiar with that, Your Honor. But you see, the whole problem started in the Human Resource Office. That's where the whole case started. The promotion was in the Human Resource Office. And I was the one, I was already doing all the duties as a grade 14, and they ended up promoting someone else who scored lower on the exam than I did, who had absolutely no knowledge of the job duties, had never done any of the work before. And since then, right now, they have hired, they hired another employee who was not on the list at all to be promoted. But you did file a complaint, right? And they found that there was no probable cause. That was for Division of Human Rights, correct. Division of Human Rights, yeah, I'm sorry. That's what I meant, DHR. And that's where the Election of Remedies comes in. If you've pursued your grievance with the Department of Human Rights, and they found that there was no probable cause to go forward, that makes it, under the New York law, means you can't pursue the same claim in the state and federal courts. They require you to go to the administrative agency to adjudicate those claims or to go to courts, but you can't do both. Okay, Your Honor. The thing was, for the Division of Human Rights, though, the case, I was never granted a hearing. I was never granted a chance to get up to speak. We went into, I went to the hearing to talk, and when we had the time to talk to the investigator, I was there, but education was allowed to stay at their office. And when we went in to, when it was taking place, they assumed that they were all going to be allowed to stay in one office while the investigator was questioning them. And they were arguing with her, insisting that there was no other rooms to go to because they had been, they had fabricated the entire thing where they were being given notes to read from. And over again, over and over again, the investigator had told them to put their notes down, but yet she would just pick them right back up and start reading it to them. And the investigator's notes that were in the FOIL requests that I received, the first ten minutes of it, that was missing. And then nowhere in the notes does it say that she had been telling them to put their notes down. There was no hearing, but was there a ruling issued by the New York State Division of Human Rights? Human rights? As I said, I was allowed to speak with the investigator, and that's where, but that's as far as it went. It didn't go any further, but that was because education, Annette Francini had gone over, and that's when she came back on January 8th boasting that the case was closed and that I couldn't do anything about it because they had gone over and influenced the court. Was there a, after they influenced the court, was there a decision issued? That's when they, that's when I got the notice saying that the case was no probable cause. And that's why I sent my letter to the EEOC, and I feel the reason the EEOC did give me a notice of right to sue was because of my stating in there that I wasn't given a chance to get up and prove a fair hearing. They, SED, from what showed in the log, they were allowed over and over again to submit more evidence, but I was never asked for any more evidence. Okay, thank you. You have two minutes of rebuttal. We'll hear from the State. Good afternoon, Your Honors. Jennifer Clark on behalf of the New York State Education Department. Plaintiffs' claims in this matter are barred by the Eleventh Amendment. As this Court has previously recognized, SED is an arm of New York State, and this Court and the Supreme Court have recognized that the ADEA did not abrogate State's Eleventh Amendment immunity. To the extent that this Court reads State law claims brought under the New York State human rights law into plaintiff's complaint, any such claims are also barred by the Eleventh Amendment. As this Court has recognized, the State did not consent to be sued in Federal court when it enacted the New York State human rights law. And while SED previously briefed its Eleventh Amendment immunity as to plaintiff's ADEA claims only, this Court may consider Eleventh Amendment immunity at any point, and I would ask the Court to add that reason to the reasons that we additionally put in our brief as to why plaintiff's complaint was properly dismissed below. Unless the Court has additional questions about the reasons that we discussed in our brief, I would rely on our briefing and ask this Court to examine the district court's discussion. Sotomayor, do you have any comments about Ms. Bleichert's complaints about the fairness or lack of fairness in the proceedings at the Department of Human Rights? Your Honor, I certainly hope that that was not the case. There's not sufficient information on the record before the district court. But what I would note is that while Your Honor is correct that the election of remedies provision says that you can't pursue a plenary action, to the extent that Ms. Bleichert felt that the proceeding was arbitrary or capricious, she had the opportunity to pursue an Article 78 in New York State courts, and she could have raised those arguments there, but she did not do so. I understood her to say that a right to sue letter was issued. Ms. Bleichert also presented her claims to the EEOC. Obviously, those claims are with regards to the ADEA argument, but she does not have, you know, proper ADEA claims because of the Eleventh Amendment. Okay.  Thank you, Your Honors. Ms. Bleichert. Your Honor, I feel my case needs to go to a hearing so that the employees at SED who were involved can be questioned in a court of law rather than given pretext notes by SED counsel. These individuals should be able to testify in court without the possibility of being influenced by others, as was the case at Division of Human Rights. Ms. Bleichert, have you heard of the Eleventh Amendment? You read the ---- Yes. Do you know that there are limitations on damages awards against State officials and against the State? Your Honor, under ---- Constitutional limitations. Yes, there are, but under ---- You wrote that Federal courts can enjoin State officials from violating Federal law, but ---- Yes, but under Forrest v. Jewell, Guild for the Blind, it says that the ---- oh, I'm reading the wrong one. I'm sorry. I don't have that one in front of me. But if I could please finish just reading what I have to say. Under New York State consolidated law, civil service law, CVS 106, it is a misdemeanor to obstruct civil service rights. Any commissioner or examiner or any other person who shall willfully alone or in cooperation with other persons, defeat, deceive, or obstruct any person in respect of his or her rights of appointment or promotion pursuant to the provisions of this chapter or the rules or regulations established thereunder shall be deemed guilty of a misdemeanor. SED is supposed to abide by the New York State consolidated law, civil service laws, but instead there is a constant abuse of power in which the laws are taken into their own hands. The problem needs to be addressed by the Attorney General's office. I'm not the only employee at SED who has had to deal with the Title VII discrimination and retaliation or the only person who has been banned from the building, bullied and harassed. I was denied a fair hearing at Division of Human Rights and then denied a fair hearing by the Northern District Court, but with all the evidence, I feel that my case should not be dismissed and that I should be granted an appeal. I know I'm well aware of what sovereign immunity is, but I'm not the only employee who, as I said, has gone through this. Other employees will not speak up because if they do speak up, they either will be fired or the bullying harassment just does not stop. So I would appreciate it if the Court would consider granting an appeal or if they could consider it going back to the lower court, to Division of Human Rights, where I would be granted a fair hearing and everything would be brought out into the open because, as I said, Francine boasted that she did, in fact, go over and talk to them. She praised one of the other employees in the office, William Harris, for doing such a great job writing the report. Everything I have a log of, I was keeping a log of everything that was going on every day in that office, as well as a log of what happened that day in the investigators when we were meeting with the investigators, when they were arguing with her as far as we can't go into another office, there's no other office. There was another office that they went to, and they finally did go into the other office, and they were just constantly handed notes over and over again because it was nothing but logs. Kagan. Thank you very much. I think we have the arguments. We'll reserve decision. That concludes our argument calendar today. The Clerk will please adjourn court. Court is adjourned.